UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| DYLAN J. DOTSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:23-CV-132-TAV-DCP |
| | ) | | |
| ANDERSON COUNTY JAIL, | ) | | |
| TRINITY FOOD SERVICES, and | ) | | |
| CITY OF CLINTON,[1] | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

Plaintiff, an inmate housed in the Anderson County Detention Facility ("ACDF"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 regarding the ACDF food and the lack of an ACDF diet coordinator during his incarceration [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and his inmate trust account statement [Doc. 7]. For the reasons set forth below, (1) Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**, and (2) this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I.  MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] and his inmate trust account statement [Doc. 7] that Plaintiff is unable to pay the filing fee, this motion will be **GRANTED**.

---

[1] While Plaintiff does not list the City of Clinton as a Defendant in the style of his complaint, he refers to the City of Clinton as a Defendant in the first paragraph of the complaint [Doc. 1 p. 1]. Accordingly, the Court lists this municipality as a Defendant.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility, to ensure that he complies with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and

2

Case 3:23-cv-00132-TAV-DCP   Document 8   Filed 05/31/23   Page 2 of 6   PageID #: 22

1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Analysis

In his complaint, Plaintiff claims that the ACDF's kitchen does not follow Health Department code, the food is "always very cold" when inmates receive it, the ACDF does not have a diet coordinator, inmates are not qualified to be diet coordinators, "[i]nmates with heath issue[s] are suffering," and inmates do not receive correct amount of calories

3

and receive "very small portions" [Doc. 1 p. 2]. Plaintiff further asserts that the ACDF's food issues are caused by cutting costs [*Id.*]. Plaintiff has sued the Anderson County Detention Facility, Trinity Food Service, and the City of Clinton [*Id.* at 1]. As relief, he seeks an injunction compelling Defendants to provide inmates with proper food in the correct amount, ten million dollars, compensatory damages, and immediate transportation to the Tennessee Department of Correction [*Id.* at 3].

It is well-settled that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Accordingly, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Thus, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Id.* at 8–9 (citations and quotations omitted). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347

Serving cold food to inmates is not a constitutional violation. *Fritts v. Ryner*, No. 3:14-CV-389, 2017 WL 1593473, at *2 (E.D. Tenn. April 28, 2017) ("Cold food is an ordinary incident to prisoner life" (citing *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977)); *Prophete v. Gilless*, 869 F. Supp. 537, 538–39 (W.D. Tenn. 1994) (providing that "[c]old food does not pose [] a danger, and thus does not constitute the deprivation of a necessity of life," and that the "plaintiff's speculation that the food runs the risk of being contaminated with bacteria between the kitchen and cells" was "factually delusional"). Also, Plaintiff's allegations regarding the ACDF's lack of a diet coordinator, the portions and number of calories ACDF inmates receive, and the suffering of unspecified ACDF inmates with health issues do not allow the Court to plausibly infer that the ACDF's food is insufficient to maintain Plaintiff's good health, such that it could rise to the level of a violation of his constitutional rights. *Cunningham*, 567 F.2d at 659–60 (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, it does not violate any constitutional right). Moreover, to the extent Plaintiff seeks relief on behalf of other prisoners based on any of his allegations, he lacks standing to do so. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE